UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, | § § § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-00421-X |
| | § | |
| US POLYCO, Inc., et. al., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

On February 7, 2020, plaintiff The Cincinnati Specialty Underwriters Insurance Company ("Cincinnati Specialty Underwriters") filed a motion for summary judgment against defendants US Polyco Inc. ("Polyco"), Jared Joseph Miguez, Crystal Chambers, and Justin Chambers seeking to declare its rights under an insurance contract it has with two of the defendants, Polyco and Miguez [Doc. No. 27]. But the insurer dismissed from this lawsuit the only defendants it was in privity with and that created an actual case or controversy. Accordingly, the Court hereby **DISMISSES WITHOUT PREJUDICE** this action and **DISMISSES AS MOOT** Cincinnati Specialty Underwriters's motion for summary judgment.

I.

Justin Chambers alleges he was an employee of R-Tex Services, LLC ("R-Tex"), which was hired by Polyco to demolish and remove a large steel tank on Polyco's grounds. On April 23, 2018, Justin Chambers alleges he, with the consent of Polyco's

Plant Safety Manager, Miguez, started utilizing a cutting torch to cut a catwalk connecting two tanks when one of the tanks exploded, throwing him into an open steel tank containing asphalt, a mixing blade, and other materials and causing him several injuries.   Justin Chambers and his wife, Crystal, subsequently filed a negligence suit against Polyco and Miguez in the 40th Judicial District Court of Ellis County, Texas, styled as Cause No. 99978; *Justin Chambers and Crystal Chambers v. U.S. Polyco, Inc. and Jared Joseph Miguez* (the "underlying suit").   Cincinnati Specialty Underwriters is defending Polyco and Miguez in the underlying suit under a reservation of its rights as their insurer.   Later, Cincinnati Specialty Underwriters filed a complaint in this Court seeking declaratory relief that it owes no duty to defend or indemnify Polyco or Miguez under its liability insurance policy for the claims at issue in the underlying lawsuit.

In February, Cincinnati Specialty Underwriters filed a motion for summary judgment against defendants Polyco, Miguez, Justin Chambers, and Crystal Chambers.   Two months later, Cincinnati Specialty Underwriters filed an agreed motion to dismiss its claims against defendants Polyco and Miguez with prejudice [Doc. No. 39], which this Court granted [Doc. No. 40].   The pending motion for summary judgment is ripe against the remaining defendants, Justin and Crystal Chambers.

II.

A threshold issue for this Court to address is whether there remains a case or controversy for this Court to hear after the dismissal of Polyco and Miguez from this

2

suit.[1]

The Declaratory Judgment Act states that a federal court may "declare the rights and other legal relations" of parties "[i]n a case of actual controversy."[2]  The Declaratory Judgment Act's "case of actual controversy requirement" is coterminous with Article III of the Constitution's "case or controversy requirement."[3]  Under Article III, and consequently the Declaratory Judgment Act, "[a] case or controversy must be ripe for decision, meaning that it must not be premature or speculative" in order for a court to hear it.[4]  Accordingly, if there is no actual controversy between the parties, the district court lacks subject matter jurisdiction and must dismiss the case.[5]  A controversy is ripe where "a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests."[6]

In determining whether a controversy exists in a case with diversity jurisdiction, "state law, by defining the substantive rights of the parties, plays a large role in determining whether a case or controversy exists."[7]  Under Texas law, an insurer can bring a declaratory judgment action against the insured and an injured

---

[1] A federal court may raise issues of subject matter jurisdiction *sua sponte.  Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

[2] 28 U.S.C. § 2201.

[3] *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006) (per curiam); *Shields v. Norton*, 289 F.3d 832, 834–35 (5th Cir. 2002).

[4] *Shields*, 289 F.3d at 835.

[5] *State of Texas v. W. Pub. Co.*, 882 F.2d 171, 175 (5th Cir. 1989) (citation omitted).

[6] *Shields*, 289 F.3d at 835 (quoting *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir.2000)).

[7] *Standard Fire Ins. Co. v. Sassin*, 894 F. Supp. 1023, 1026 (N.D. Tex. 1995); *Vanliner Ins. Co. v. DerMargosian*, 2014 WL 113595, at *2 (N.D. Tex. Jan. 13, 2014); *Cincinnati Ins. Co. v. RBP Chem. Tech., Inc.*, 2008 WL 686156, at *2 (E.D. Tex. Mar. 6, 2008); *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270 (1941).

plaintiff in a pending lawsuit against the insured, if properly joined, to determine its rights under a liability insurance policy.[8]  Such a suit constitutes a ripe case or controversy under Article III and the Declaratory Judgment Act.[9]

The insured can be brought in a declaratory judgment suit because the insurance policy puts it in privity with the insurer.[10]  The injured plaintiff is not in privity with the insurer and so can only be brought in such a suit because it is in privity with the insured due to "the derivative nature of [the injured plaintiff's] recovery under the policy."[11]  Accordingly, if the insured is dismissed from such a declaratory judgment action, the remaining parties in the suit, the insurer and the injured plaintiff, will lack privity under Texas law.  If there is no privity among the remaining parties, the suit will no longer present a case or controversy under Title III of the Constitution and the Declaratory Judgment Act and so must be dismissed for lack of subject matter jurisdiction.[12]

## II.

The Court finds that, with the dismissal of Polyco and Miguez, this case no longer presents a case or controversy.  As noted above, where there is no privity in a

---

[8] *State Farm Fire & Cas. Co. v. Fullerton*, 118 F.3d 374, 385 n.6 (5th Cir. 1997); *Nat'l Am. Ins. Co. v. Breaux*, 368 F. Supp. 2d 604, 620 (E.D. Tex. 2005); *Balog v. State Farm Lloyds*, 2001 WL 997412, at *3 (Tex. App. Aug. 30, 2001); *Vanliner Ins. Co.*, 2014 WL 113595 at *2.

[9] *Id.*

[10] *State Farm Fire & Cas. Co.*, 118 F.3d at 385.

[11] *Id.*; *Dairyland Cty. Mut. Ins. Co. of Texas* v. *Childress*, 650 S.W.2d 770, 773–74 (Tex. 1983).

[12] *See Standard Fire Ins. Co.*, 894 F. Supp. at 1027–28 (N.D. Tex. 1995) (dismissing a declaratory judgment action against an injured plaintiff after the insured was dismissed from the case); *Bituminous Cas. Corp. v. Garcia*, 223 F.R.D. 308, 311 (N.D. Tex. 2004) (acknowledging the holding in *Standard Fire Ins. Co.*); *Vanliner Ins. Co.*, 2014 WL 113595 at *4 (acknowledging the holding in *Standard Fire Ins. Co.*).

4

declaratory judgment action of this sort, there is no case or controversy under the Declaratory Judgment Act and Article III of the Constitution.

The parties that bound this case together were the insured defendants, Polyco and Miguez, who had privity with Cincinnati Specialty Underwriters through its insurance contract and privity with Justin and Crystal Chambers through their derivative interest in the insurance policy proceeds. Without Polyco and Miguez, the case unravels, as Cincinnati Specialty Underwriters and Crystal and Justin Chambers, the remaining parties, lack privity. And without privity, there is no case or controversy. And without a case or controversy, this Court lacks subject matter jurisdiction.

The facts of this case mirror those in *Standard Fire Insurance Co. v. Sassin*, which also presented a situation where an insurer plaintiff dismissed the insured defendants, leaving only defendants who were plaintiffs in another suit ("injured plaintiffs") against the insureds.[13] The court in that case also held that the remaining injured plaintiffs lacked a legally cognizable interest in the insurance contract and dismissed the case.[14] For these reasons, the Court finds this suit no longer presents a case or controversy under the Declaratory Judgment Act or Article III of the Constitution and so must be dismissed for lack of subject matter jurisdiction.[15]

---

[13] 894 F. Supp. at 1024–25.

[14] *Id.* at 1027–28.

[15] Even assuming *arguendo* that a case or controversy existed between Cincinnati Specialty Underwriters and the Chambers defendants, the Court would nonetheless decline to exercise its declaratory judgment jurisdiction. "[I]t is a matter for the district court's sound discretion whether to decide a declaratory judgment action." *Pac. Employers Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801, 804 (5th Cir. 1985) (quoting *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983)). Guiding a district court's discretion are a list of non-exhaustive factors:

III.

For the reasons stated above, the Court hereby **DISMISSES WITHOUT PREJUDICE** Cincinnati's Specialty Underwriters's claims against Justin Chambers and Crystal Chambers for lack of subject matter jurisdiction and **DISMISSES AS MOOT** Cincinnati's Specialty Underwriters's motion for summary judgment.

**IT IS SO ORDERED** this 4th day of May, 2020.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy.

*Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993) (citations omitted). The Court finds judicial economy factor to be decisive. Cincinnati Specialty Underwriters has dismissed its claims against the insureds, Polyco and Miguez. Additionally, the Chambers defendants have made it clear that they do not intend to file a response, going so far as to say "they take no position as to the outcome of this [declaratory judgment] or Motion for Summary Judgment." The Parties' Joint Status Report ¶3.8 [Doc. No. 38]. In sum, there is no longer a dispute in this case and so retaining the case would not serve the purposes of judicial economy. Finally, district courts generally should not sit in judgment of questions "which today may readily be imagined, but may never in fact come to pass." *Am. Fid. & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960). In this instance, a verdict for the insured defendants, Polyco and Miguez, in the underlying suit with the Chambers parties would render a declaratory judgment as to insurance coverage unnecessary; such a verdict would further undermine judicial economy. For these reasons, even assuming *arguendo* that a case or controversy existed, the Court would still decline to exercise its declaratory judgment jurisdiction in this case.